## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHAWN E. EWING, # B-74299, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-202-JPG |
| | ) | |
| UNKNOWN PARTY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at Lawrence Correctional Center ("Lawrence"), where he is serving a five-and-a-half-year sentence. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff used this Court's civil rights complaint form to prepare his pleading.  However, many sections are left entirely blank – he does not list himself as the plaintiff, does not include any defendants, has no distinct statement of his claim, and does not state any request for relief (Doc. 1, pp. 1-2, 5).  In the "Grievance Procedure" section, he states that he wrote several grievances in three institutions about such matters as "sexual, mental assaults by correctional officers" (Doc. 1, p. 4).

Along with the complaint form, he submitted an eight-page attachment (Doc. 1-1).  Pages 1-6 consist of a string of citations to previous cases in various federal courts concerning prisoners and their conditions of confinement, along with what appears to be a brief description of each case.  Interspersed among these case summaries are statements such as, "not participating in certain rehabilitation programs," "plaintiff never attempted to harm himself with clothing inside Big Muddy, also Lawrence, segregation.  Plaintiff was stripped naked, nudity violated his const. amend VIII rights" (Doc. 1-1, pp. 1-2).  He mentions unsanitary cell conditions, excessive

force, injuries, sexual assaults, and denial of medical treatment (Doc. 1-1, pp. 3-4, 6).  He states, "I was denied a vegetarian diet religious belief" and says "small portions size meals made me constantly hungry I los[t] nearly 30 pound[s] as a result" (Doc. 1-1, pp. 4-5).

The final two pages consist of an "Affidavit," stating that Plaintiff has personal knowledge regarding a list of four "cases," for which he lists reference numbers of some kind. He does not explain what these cases are or how they relate to any allegations of violations of his civil rights.  He then states that on six different dates in January, February, and July 2014, he was physically and sexually assaulted by several correctional officers at Vandalia and Big Muddy Correctional Centers, and was not given any outside medical treatment (Doc. 1-1, p. 7).  He then mentions the criminal case that led to his conviction and imprisonment, and says that he has given sworn statements and filed grievances over the assaults.

Also in the affidavit is a list of names (presumably of prison officials), along with numbers and dates (Doc. 1-1, p. 8).  He does not include any other information regarding these individuals.

Plaintiff also submitted a motion (Doc. 2) requesting the Court to recruit an attorney to represent him in this matter.  Attached to that motion are copies of several letters, including a description of a beating Plaintiff suffered at the hands of five officers at Big Muddy Correctional Center (Doc. 3-1, pp. 10-11).  While this narrative is much more clear than anything in the complaint, it still lacks names or any identifying information about the perpetrators, and does not indicate when the incident happened.

## Discussion

Plaintiff's allegation that he was assaulted by correctional officers indicates that his Eighth Amendment rights may have been violated.  He also hints at several other possible

constitutional violations.  However, the complaint is too sketchy, disjointed, and confusing for any potential defendant to understand what claims are being asserted against him or her.  Indeed, the Court cannot discern which statements in Plaintiff's attachment (Doc. 1-1) are allegations regarding his own conditions of confinement, and which parts are descriptions of legal cases that he included as argument in support of his claims.  Additionally, Plaintiff mentions two prisons, Big Muddy and Vandalia, where the assaults allegedly took place – but he does not say which assaults took place at which institution.  He does not indicate whether the individuals listed by name on the last page participated in the assaults or in some other violation of his rights, or are listed for some other reason.

Rule 8 of the Federal Rules of Civil Procedure directs that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought."  FED. R. CIV. P. 8(a).  Additionally, Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).  The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level."  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).  Plaintiff's pleading falls far short of this mark.  It leaves the Court to guess what was done to Plaintiff, by whom, at which prison, and within what time frame.  Additionally, all claims in a complaint against all defendants must be set forth in a single document.  The Court will not sift through multiple motions, such as the attachments to Plaintiff's motion for counsel, to cobble together various allegations into a coherent claim. Because of these deficiencies, the complaint fails to state a claim upon which relief may be granted, and shall be dismissed.

However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to

correct the flaws in his pleading.  If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g).  The amended complaint shall be subject to review pursuant to § 1915A.

In preparing the amended complaint, Plaintiff is cautioned that he may not bring unrelated claims against different defendants in the same case.  In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).  The original complaint suggests possible claims ranging from excessive force, to confinement in unsanitary cell conditions, to denial of a religious diet.  If the amended complaint includes unrelated claims that are improperly joined, the Court will sever them into separate cases, which shall result in additional filing fee(s).  If severance occurs, Plaintiff will have the opportunity to withdraw the severed claims in order to avoid incurring the additional fee(s).

## **Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be held in abeyance pending the receipt of an amended complaint.

The motion for service of process at government expense (Doc. 5) is **DENIED AS MOOT.**  If Plaintiff submits an amended complaint that survives review under § 1915A, service shall be ordered on the defendant(s).  It is not necessary to file a motion to request service of process.

**Disposition**

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (**on or before April 28, 2015**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 15-cv-202-JPG. For each claim, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable for the violation, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should be careful to include sufficient facts to demonstrate that each Defendant violated his rights. Whenever possible, he should also include the date of the alleged act or omission, and indicate the prison where he was confined at the time of the incident.

It is not necessary to cite to any court cases or legal precedent in the complaint, and Plaintiff should refrain from doing so. The Court is well aware of the applicable law. Plaintiff may, if he desires, submit a separate memorandum of law, but the Court discourages this practice at the pleading stage of a case.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 24, 2015**

_s/J. Phil Gilbert_
United States District Judge