IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN E. EWING, # B-74299, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-202-NJR |
| | ) |
| WEXFORD HEALTH SOURCE, INC., | ) |
| MARC HODGES, | ) |
| BETH TREDWAY, | ) |
| PHILLIP MARTIN, | ) |
| D. JOHN COE, | ) |
| DOCTOR K., | ) |
| NURSE WOODS, | ) |
| NURSE POTTS, | ) |
| NURSE BUCKLE, | ) |
| NURSE DOWTY, | ) |
| COUNSELOR HENTON, | ) |
| and LT. DALLAS, | ) |
| | ) |
|       Defendants. | ) |

## ORDER TO SHOW CAUSE

**ROSENSTENGEL, District Judge:**

This matter is before the Court for review of Plaintiff's First Amended Complaint (Doc. 9), filed on March 30, 2015, as well as examination of his proposed Second Amended Complaint, submitted on April 8, 2015, and a proposed Third Amended Complaint, submitted on May 14, 2015. The latter two documents have not yet been filed, pending review by the Court. Although Plaintiff did not submit a motion for leave to amend with either the Second or Third proposed pleading, the Clerk made a docket entry for each one, construing each as a motion for leave to amend the complaint (Docs. 11 and 12).

Plaintiff's original complaint (Doc. 1) was dismissed without prejudice for failure to state a claim upon which relief may be granted, and Plaintiff was directed to file an amended

complaint if he wished to proceed with the action (Doc. 8). Among other flaws, the original complaint failed to identify any defendants, either by name or coherent description, and failed to connect any allegations of wrongdoing to a particular person. Plaintiff stated that he had been subjected to assaults and strip searches and denied medical treatment during his confinement at Vandalia, Big Muddy, and Lawrence Correctional Centers, but he did not specify which violations took place at which prison or during what time frame. Plaintiff was given a deadline of April 28, 2015, to submit an amended complaint (Doc. 8).

The First Amended Complaint (Doc. 9) corrected many of the problems identified by the Court–it names specific Defendants, who, with the exception of Wexford Health Sources, were all employed at Lawrence Correctional Center; and describes how each was involved in the alleged failure to provide Plaintiff with necessary medications for his Type 2 diabetes. He states that he is 37 years old, and he alleges that he suffers from a long list of other medical conditions, including hypertension, cholesterol, high blood pressure, glaucoma, leukemia, "low T cell" and low red blood cells, sickle cell disease, COPD, back, neck, and knee problems, three kinds of cancer (lung, testicular, and skin cancer), pulmonary disease, multiple sclerosis, seizures, chronic arthritis, irregular heartbeat, enlarged heart, a hole in his heart, bipolar disorder, and PTSD (Doc. 9, pp. 7, 16-17). He alleges he has not received any cancer treatment for three years, and his diabetes medications were delayed after he was transferred to Lawrence.

The most striking feature of the First Amended Complaint, however, is the fact that starting on page 9, the handwriting abruptly changes, and pages 9-15 bear the file-stamp from an entirely different case filed in this Court in 2013: *Berl McKinnie v. Phillip Martin, et al.*, Case No. 13-cv-682-MJR-SCW (S.D. Ill., filed July 15, 2013). Upon further examination, not only did Plaintiff copy and insert these pages straight out of McKinnie's *pro se* complaint (Doc. 1 in Case

No. 13-cv-682), but the first six pages of the First Amended Complaint are handwritten copies which include, nearly word-for-word, the contents of the first three pages of McKinnie's complaint (although the material from pages 2 and 3 of McKinnie's pleading, which lists the Defendants, is presented in a different order).

The First Amended Complaint states that all events took place at Lawrence, where Plaintiff was incarcerated "between Feb 04 2013 named as witness" (Doc. 9, p. 7). He then states, however, that he arrived at Lawrence on June 14, **2014**. *Id*. The First Amended Complaint continues with the allegations copied from McKinnie's complaint–claiming that on May 11, **2013**, Plaintiff spoke with Defendant Nurse Buckle to request medical attention (Doc. 9, p. 9). Defendant Nurse Potts refused to give him medication or take him to the Health Care Unit on and after May 15, 2013. He claims both nurses "knew [Plaintiff] was diabetic as they had both passed out [his] medication when [he] was here in 2012." *Id*. Further, Plaintiff claims, as did McKinnie, that he "lost a leg in 1993," prompting him to seek assistance from Defendant Dowty, the ADA coordinator, in May and June 2013. *Id*. The remaining factual allegations all took place between that time and June 2013.

Plaintiff's claims that he requested medical assistance from the same Defendants and on the same dates as did McKinnie, with the exact same results, and that he (like McKinnie) coincidentally lost a leg in 1993,[1] are beyond reasonable belief. Plaintiff's conflicting statements on the 2014 date of his arrival at Lawrence in relation to the incidents that allegedly took place in 2013 further demonstrate the apparent falsity of his allegations.

To sign and submit a complaint containing false allegations of fact is a blatant violation

---

[1] The physical profile of Plaintiff reflected on the Offender Search page of the Illinois Department of Corrections, http://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited Sept. 29, 2015), which includes marks, scars, tattoos, and other distinguishing characteristics, contains no mention that he is missing a leg or part of a limb.

of Federal Rule of Civil Procedure 11(b), specifically subparts (1) and (3) of the Rule.[2] By signing and submitting the First Amended Complaint, Plaintiff has represented to the Court that his allegations are true. But if a number of the facts stated in the First Amended Complaint are false (as they appear to be), Plaintiff has committed fraud on the Court, and he has violated Rule 11(b). Such conduct is subject to sanctions, which may include dismissal of the action. *See* FED. R. CIV. P. 11(c).

If the Court were to allow the filing of either Plaintiff's proposed Second Amended Complaint or Third Amended Complaint, the newer amended pleading would supersede and replace the apparently fraudulent First Amended Complaint. But this would not erase Plaintiff's attempt to pass off another prisoner's civil rights complaint as his own.

Further, an examination of the proposed Second and Third Amended Complaints reveals that each of these documents suffers from the same flaws as the original complaint. The Second Amended Complaint fails to name any individual Defendants (it names only "Lawrence Correctional Center" and other institutional entities), let alone connect any acts of wrongdoing to a particular individual. It contains the same vague, incomplete, and conclusory allegations regarding assault, being stripped naked, unsanitary cell conditions, and medical neglect, as were stated in the original complaint. The Second Amended Complaint purports to cover incidents occurring in the Cook County Jail, and Stateville and Vandalia Correctional Centers in 2013; at Big Muddy River Correctional Center in 2014; and at Lawrence in 2015. For the same reasons that the original complaint was dismissed, the proposed Second Amended Complaint fails to

---

[2] Rule 11(b) states, in pertinent part: **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and] . . . **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

survive preliminary review under 28 U.S.C. § 1915A. Filing this pleading would be futile, as Plaintiff could not proceed with the action based upon a pleading that fails to state a cognizable constitutional claim. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (leave to amend need not be granted when such amendment would be futile); *Garcia v. City of Chicago,* 24 F.3d 966, 970 (7th Cir. 1994). Therefore, the Second Amended Complaint shall not be filed. The associated motion for leave to amend (Doc. 11) is **DENIED**.

The proposed Third Amended Complaint fares no better. It consists of only four pages, but is accompanied by 77 pages of grievances and other documents, nearly all of which date from Plaintiff's confinement at Lawrence between October 2014 and May 2015. This time, Plaintiff names four individual Defendants in the caption of the amended complaint: Former IDOC Director Roger Walker, Assistant Warden Hoduges, Michael Milean, and Warden Treadway. Yet not one of these Defendants is mentioned in the body of the complaint. The only individual whose name is included in Plaintiff's narrative is "Counselor Ray," who was involved in "ID fraud."

The complaint itself begins with a list of offenses of which Plaintiff was convicted. He then gives a list of prisons where he was confined, along with some dates, and continues with a string of problems in fragmented and incomplete sentences:

> I nursing several disfiguring injury, unrepairable injury: in the hand off brutal correctional officers [illegible] I suffering mental illness becaues of post tramatic stress, disorder, by polar disorder, sleep disorder. Paralizing arteritise in hand and joints. Back. Head, noise wounds, glaucoma, losen teeth left jaw teeth miss, rotor cups, out off place, wrist fracture, ribs, elbows, knee twisted. Multipule stress fractures of throat and kneck, cooler bones. Assault (1) verbal, mental, sexual, Cook County Feb 17, 2013, Assault (2) medical neglect, verbal, physical, 2013 Nov. 20-19. (3) Assault Vandalia dinning room 2013 Jan 3-7 5:00am, seg, stripped nacked, phy assault, verbal. (4) inmate attack walking to dorm Jan. 11, 2013. Seg. Big Muddy July assaults. Phy, verb criminal, seg (5)

> Lawrence CC verbal assault by correctional officers 2015, on a daily basic. Medical neglect, from health care staff . . . .

(proposed Third Amended Complaint, p. 1) (spelling errors in original). A number of other conclusory claims are listed in a similar fashion, including sexual assault, strip search, unsanitary cell, denial of "vege tray," and small portions of meals.

The proposed Third Amended Complaint is woefully insufficient to state a claim upon which relief may be granted. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them, and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). The proposed Third Amended Complaint fails to specify which named Defendant was responsible for which alleged incident of assault, injury, medical neglect, or other violation. Moreover, it does not include factual information to describe what happened in any particular incident. A pleading such as this, which does not include "enough facts to state a claim to relief that is plausible on its face," does not survive § 1915A review. *Twombly*, 550 U.S. at 570. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

In the order dismissing his original complaint, Plaintiff was given instructions on how to re-write his claims in a proposed amended complaint:

> For each claim, Plaintiff shall specify, *by name*,[3] each Defendant alleged to be liable for the violation, as well as the actions alleged to have been taken by that Defendant. New individual Defendants

---

[3] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

> may be added if they were personally involved in the constitutional violations. Plaintiff should be careful to include sufficient facts to demonstrate that each Defendant violated his rights. Whenever possible, he should also include the date of the alleged act or omission, and indicate the prison where he was confined at the time of the incident.

(Doc. 8, p. 6). Plaintiff ignored these instructions in the proposed Second and Third Amended Complaints.

Plaintiff's 77 pages of exhibits, submitted along with the proposed Third Amended Complaint, may contain facts that would be relevant to his potential claims. The Court will not, however, comb through these voluminous documents in an attempt to discover whether a viable civil rights claim may be contained within them. The Court must liberally construe *pro se* pleadings, but courts are not obliged to craft arguments or perform necessary legal research for *pro se* litigants to cure substantive deficiencies. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

The proposed Third Amended Complaint is insufficient to state any cognizable federal claims, and it would be pointless to file it in the record. Therefore, the Third Amended Complaint is also rejected, pursuant to the criteria in 28 U.S.C. § 1915A. The associated motion for leave to amend (Doc. 12) is **DENIED**.

**Other Pending Motion**

Plaintiff's Motion for Magistrate Judge Availability (Doc. 7) is **DENIED** without prejudice. As noted above, this action may be subject to dismissal. Thus it is premature to refer any matters to a magistrate judge at this time. If the Court in the future determines that a magistrate referral is appropriate, no motion from the Plaintiff will be necessary.

**Order to Show Cause**

Plaintiff's proposed Second and Third Amended Complaints shall not be filed, for the

reasons explained above. At this time, the only complaint in the record is the First Amended Complaint (Doc. 9), which by all indications contains false statements of fact, describing incidents that never happened to Plaintiff. He clearly copied the pleading filed in 2013 by another Lawrence inmate. Plaintiff's actions of signing and submitting this document as his own statement of facts in support of his civil rights claim appear to have violated Federal Rule of Civil Procedure 11. In accordance with Rule 11, Plaintiff shall be ordered to show cause why the First Amended Complaint (Doc. 9), and this entire action, should not be dismissed as a sanction for his apparent attempt to perpetrate fraud on the Court.

**IT IS THEREFORE ORDERED** that Plaintiff shall submit a written statement to the Court to: (1) explain why he submitted another inmate's civil rights complaint as his own; (2) present his reasons why this Court should not strike the First Amended Complaint (Doc. 9) as false and in violation of Rule 11; and (3) show cause why this Court should not dismiss this case as a sanction for his filing of the First Amended Complaint (Doc. 9). Plaintiff **SHALL SUBMIT** his response within **21 days** of the date of this order (on or before **October 22, 2015**). Failure to file a response shall result in the dismissal of this action with prejudice. *See* FED. R. CIV. P. 41(b). If this case is dismissed, such dismissal may also count as one of Plaintiff's three "strikes" within the meaning of § 1915(g).

Finally, Plaintiff is reminded that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** October 1, 2015

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**