IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHAWN E. EWING, # B-74299,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 15-cv-202-NJR |
| | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| **MARC HODGES, BETH TREDWAY,** | ) |
| **PHILLIP MARTIN,  D. JOHN COE,** | ) |
| **DOCTOR K., NURSE WOODS,** | ) |
| **NURSE POTTS, NURSE BUCKLE,** | ) |
| **NURSE DOWTY, COUNSELOR HENTON,** | ) |
| **and LT. DALLAS,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for a status review. On October 1, 2015, this Court ordered Plaintiff to respond no later than October 22, 2015, to explain why he copied and filed another inmate's pleading as his own, to present any reasons why the Court should not strike Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 11, and to show cause why this case should not be dismissed as a sanction for filing a false pleading (Doc. 15). That date has come and gone, and Plaintiff has failed to respond in any way. He was warned that the Court would dismiss this action with prejudice if he failed to respond.

**IT IS THEREFORE ORDERED** that the First Amended Complaint (Doc. 9), which contains false allegations of fact, is **STRICKEN** from the record pursuant to Rule 11.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice** pursuant to Rule 41(b), for Plaintiff's failure to respond to this Court's order to show cause.

The dismissal of this action shall count as one of Plaintiff's three "strikes" within the

meaning of § 1915(g). As the Court previously determined, Plaintiff's original complaint (Doc. 1) failed to state a claim upon which relief may be granted, and he failed to submit an amended complaint that both complied with Rule 11 and stated a claim.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:** November 17, 2015

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**